UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN VITORINO,

    Plaintiff,

-vs-

CASE NO.:

WAL-MART STORES, INC. and
SYNCHRONY BANK,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges the Defendants "robo-called" him more than 150 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## INTRODUCTION

2. "Robocalls" are the #1 consumer complaint in America today.

3. The FTC reported over 3.2 million complaints about robocalls in 2014, of which almost half (1,678,433) occurred after the consumer had already requested that the company stop call. Federal Trade Commission, National Do Not Call Registry Data Book, FY 2014, at 5 (Nov. 2014). Since this report the number of complaints have increased. Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." Senate Hearing at 5.

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC

1

every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

5.  The TCPA was enacted to prevent companies like the Defendants from invading American citizens' privacy and prevent illegal robocalls.

6.  "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745, 181 L.Ed.2d 881 (2012).

7.  "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

8.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

9.  The alleged violations described in the Complaint occurred in Pasco County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in New Port Richey, Florida.

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

14. SYNCHRONY BANK, is a corporation which was formed in Utah with its principal place of business in Ohio.

15. WAL-MART STORES, INC. is a corporation which was formed in Arkansas with its principal place of business in Arkansas.

16. SYNCHRONY BANK is a "debt collector" as defined by Florida Statute § 559.55(7).

17. WAL-MART STORES, INC. employed the services of SYNCHRONY BANK to collect the debt referred to in this complaint.

18. WAL-MART STORES, INC. shares in the money that SYNCHRONY BANK collects such as the debt at issue in this case.

19. WAL-MART STORES, INC. has control over the debt collection activities of SYNCHRONY BANK that are at issue in this case.

20. WAL-MART STORES, INC. is provided a report from SYNCHRONY BANK concerning the debts they collect.

21. WAL-MART STORES, INC. is responsible for all of the debt collection activities of its agent and/or debt collector, SYNCHRONY BANK.

22. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

23. SYNCHRONY BANK intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such a frequency as can be reasonably expected to harass.

24. SYNCHRONY BANK attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

25. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (\*\*\*) \*\*\*-9538, and was the called party and recipient of SYNCHRONY BANK'S above described calls.

26. SYNCHRONY BANK made at least one call to (\*\*\*) \*\*\*-9538 using an "automatic telephone dialing system" (ATDS).

27. SYNCHRONY BANK made at least fifty (50) calls to (\*\*\*) \*\*\*-9538 using an ATDS.

28. SYNCHRONY BANK made at least one hundred and fifty (150) calls to (\*\*\*) \*\*\*-9538 using an ATDS.

29. Each call SYNCHRONY BANK made to the Plaintiff in the last four years was made using an ATDS.

30. Each call the SYNCHRONY BANK made to the Plaintiff was made using an ATDS which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

31. Furthermore, upon information and belief, each of the calls at issue were placed by SYNCHRONY BANK using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

32. SYNCHRONY BANK has stipulated in another lawsuit that the telephone system used to call the Plaintiff was in fact an ATDS.

33. None of SYNCHRONY BANK'S telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

34. In or about February of 2016, Plaintiff received a telephone call to his aforementioned cellular telephone number from SYNCHRONY BANK seeking to recover a debt. Upon receipt of the calls, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone number: (330) 433-5979.

35. Immediately upon receipt of the calls, in or about February of 2016 due to a ceaseless barrage of daily calls, Plaintiff answered a call from SYNCHRONY BANK and informed an agent/representative of the Defendant that their incessant calls were harassing him and demanded that SYNCHRONY BANK cease placing calls to his aforementioned cellular telephone number.

36. In or about February of 2016, during the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent SYNCHRONY BANK may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

37. Each subsequent call SYNCHRONY BANK made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

38. Additionally, in or about March of 2016, Plaintiff answered another call from SYNCHRONY BANK, explained that he has told them to stop calling before, and again demanded that SYNCHRONY BANK stop calling his aforementioned cellular telephone number.

39. Each of Plaintiff's conversations with the SYNCHRONY BANK demanding an end to the harassment were ignored.

40. SYNCHRONY BANK has recorded at least one conversation with the Plaintiff

41. SYNCHRONY BANK has recorded numerous conversations with the Plaintiff.

42. Despite actual knowledge of their wrongdoing, and that they did not have Plaintiff's consent, SYNCHRONY BANK continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone number in an attempt to collect a debt.

43. From about February of 2016 through the filing of this Complaint, SYNCHRONY BANK placed approximately (150) automated calls to Plaintiff's aforementioned cellular telephone, despite the Plaintiff revoking any consent SYNCHRONY BANK may have had to place calls to his aforementioned cellular telephone number.  Once the telephone records are provided by SYNCHRONY BANK and/or subpoenaed from Plaintiff's telephone service provider, the exact number of calls will be known.

44. SYNCHRONY BANK'S corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

45. SYNCHRONY BANK'S corporate policy and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

46. SYNCHRONY BANK has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

47. SYNCHRONY BANK has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.  The Defendant has been sued civilly in Federal Court 284 times in the last two (2) years (Attached hereto as Exhibit "A").

48.     Since March of 2015, SYNCHRONY BANK has had 30 complaints classified under "communications tactics" filed against it with the Consumer Financial Protection Bureau (According to www.consumerfinance.gov, accessed on May 29, 2016).

49.     In the last three (3) years, the SYNCHRONY BANK has had 4,734 complaints reported to the Better Business Bureau (BBB)1, of which 2,912 of those complaints are classified as being related to "Billing/Collection Issues" (attached hereto as exhibit "B").

50.     SYNCHRONY BANK violated the TCPA with respect to the Plaintiff.

51.     SYNCHRONY BANK willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
## WAL-MART STORES, INC.

**(Violation of the TCPA)**

52.     Plaintiff incorporates Paragraphs one (1) through fifty-one (51).

53.     WAL-MART STORES, INC. caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

54.     WAL-MART STORES, INC. willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

---

[1] Retrieved from http://www.bbb.org/dayton/business-reviews/credit-cards-and-plans/synchrony-bank-formerly-ge-capital-retail-bank-in-kettering-oh-5001136 on 5/29/2016.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WAL MART STORES, INC. for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
## WAL-MART STORES, INC.

### (Violation of the FCCPA)

55. Plaintiff incorporates Paragraphs one (1) through fifty-one (51).

56. At all times relevant to this action WAL-MART STORES, INC. is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

57. WAL-MART STORES, INC. has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

58. WAL-MART STORES, INC. has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

59. WAL-MART STORES, INC. has violated Florida Statute §559.72(9) by attempting to enforce a debt when WAL-MART STORES, INC. knows that the debt is not legitimate or assert the existence of some legal right when WAL-MART STORES, INC. knows that right does not exist.

60. WAL-MART STORES, INC.'S actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WAL-MART STORES, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

## COUNT III
## SYNCHRONY BANK

**(Violation of the TCPA)**

61. Plaintiff incorporates Paragraphs one (1) through fifty-one (51).

62. SYNCHRONY BANK caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

63. SYNCHRONY BANK willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SYNCHRONY BANK for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT IV
## SYNCHRONY BANK

**(Violation of the FCCPA)**

64. Plaintiff incorporates Paragraphs one (1) through fifty-one (51).

65. At all times relevant to this action SYNCHRONY BANK is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

66. SYNCHRONY BANK has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

67. SYNCHRONY BANK has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

68. SYNCHRONY BANK has violated Florida Statute §559.72(9) by attempting to enforce a debt when SYNCHRONY BANK knows that the debt is not legitimate or assert the existence of some legal right when SYNCHRONY BANK knows that right does not exist.

69. SYNCHRONY BANK'S actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SYNCHRONY BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/William Peerce Howard*
William Peerce Howard, Esquire
Florida Bar No. 0103330
Billy@TheConsumerProtectionFirm.com
Amanda J. Allen, Esquire
Florida Bar No. 98228
Amanda@TheConsumerProtectionFirm.com
The Consumer Protection Firm, PLLC
210 A South MacDill Avenue
Tampa, FL 33609
Tele: (813) 500-1500
Fax: (813) 435-2369
Attorney for Plaintiff